Joseph **SCHARBROUGH**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–86–211–CR.

Court of Appeals of Texas,
Fort Worth.

July 1, 1987.

Alley & Alley, and Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Delonia A. Watson, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FARRIS, Justice.

Appellant, Joseph Scharbrough, appeals from his conviction for the offense of driving while intoxicated and open container. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1987). Pursuant to a plea bargain, appellant pled nolo contendere to the trial court. The trial court assessed punishment at 90 days confinement in the Tarrant County jail and a $400.00 fine. Appellant was placed on probation for 24 months with a condition of probation that he serve 30 days confinement in the Tarrant County jail.

We affirm.

Appellant was charged with the offense of driving while intoxicated, enhanced with the allegation that appellant had an open container of an alcoholic beverage in his immediate possession. The information upon which appellant was charged read:

JOSEPH SCHARBROUGH hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 21st day of January 1986, did

HERETOFORE THEN AND THERE DRIVE AND OPERATE A MOTOR VEHICLE IN A PUBLIC PLACE WHILE THE SAID DEFENDANT WAS INTOXICATED BY NOT HAVING THE NORMAL USE OF HIS MENTAL AND PHYSICAL FACULTIES BY REASON OF THE INTRODUCTION OF ALCOHOL INTO HIS BODY AND BY HAVING AN ALCOHOL CONCENTRATION OF AT LEAST 0.10,

ENHANCEMENT PARAGRAPH ONE: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT AT THE TIME OF THE ABOVE ALLEGED OFFENSE, THE DEFENDANT, WHO WAS OPERATING THE MOTOR VEHICLE, KNOWINGLY HAD AN OPEN CONTAINER OF AN ALCOHOLIC BEVERAGE, TO–WIT: ONE CAN OF BEER IN HIS IMMEDIATE POSSESSION,....

Appellant filed a written pre-trial motion to quash information which was denied by the trial court. Appellant raises four points of error, all of which relate to the trial court's overruling his motion to quash. Appellant does not challenge the sufficiency of the evidence upon which his conviction was based.

Appellant contends, in his first point of error, that the trial court erred "in overruling the Appellant's Motion to Quash for the reason that the offense of DWI was separate, distinct and different from DWI with an open container." Appellant asserts that the State should have been required to "allege in one count the entire offense of DWI with open container so as to put the Appellant on notice of the State's intentions." By not doing so, appellant alleges the State failed to apprise appellant of the facts of the charge against him, thereby denying him an opportunity to adequately prepare his defense. Appellant cites no cases in support of his position.

■ We initially note that the language of the enhancement paragraph virtually tracks the language of TEX.REV.CIV. STAT.ANN. art. 6701*l*–1(f) (Vernon Supp. 1987). It must also be pointed out that the State did not allege more than a single count in the information. The enhancement paragraph is simply that, a paragraph, and is not considered a separate count. *See Riley v. State*, 658 S.W.2d 818, 819 (Tex.App.—Fort Worth 1983, no pet.).

Referring to the merits of appellant's first point, TEX.REV.CIV.STAT.ANN. art. 6701*l*–1, entitled "Intoxicated driver; penalty" provides, in pertinent part, that:

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place....

....

(f) If it is shown on the trial of a person punished for an offense under Subsection (c), (d), or (e) of this article that the person committed the offense and as a direct result of the offense another person suffered serious bodily injury, the minimum term of confinement for the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500. If it is shown on the trial of a person punished for an offense under this article that the person committed the offense and at the time of the offense the person operating the motor vehicle had an open container of an alcoholic beverage in his immediate possession, the minimum term of confinement for the offense is increased by: ....

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b), (f).

■ It is apparent that subsection (f), a part of the statute providing for punishment for the conviction of D.W.I., contains enhancement language for the possession of an open container of an alcoholic beverage.

General enhancement statutes applying to other types of misdemeanor and felony offenses do not apply to cases of drunk driving, because the legislature has placed within the DWI statute itself a special enhancement provision applicable only to persons convicted of driving while intoxicated, thereby excluding other general enhancement schemes.

*Guinn v. State*, 696 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). The elements of a primary offense, driving while intoxicated, remain the same; only the range of punishment changes. We cannot conceive of how appellant could not have been put on notice that the State would seek to prove the possession of an alcoholic beverage in an open container in addition to the driving while intoxicated charge. Appellant's first point of error is overruled.

In his second point of error, appellant alleges the trial court erred:

[I]n overruling Appellant's Motion to Quash for the reason that the information failed to give Appellant sufficient notice of the terms 'immediate possession' and 'open container' so that he could adequately prepare a defense to the charge.

Appellant contends these terms are now "special legal terms" as used by the legislature in TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 and TEX. CODE CRIM.PROC. ANN. art. 42.12, sec. 6b(b)(2) (Vernon Supp.1987), requiring the State to provide specific notice in the information of what is meant by such terms.

■ Neither "immediate possession" nor "open container" are defined by article

6701L–1 or article 42.12. Appellant fails to suggest any meanings of these phrases which would be different from the plain meanings they would otherwise be given. When words are not statutorily defined, they are normally given their ordinary meaning unless the act clearly indicates that the legislature intended to use the language in some other sense. *See Howard v. State*, 690 S.W.2d 252, 253 (Tex. Crim.App.1985) (en banc); *Daniels v. State*, 674 S.W.2d 388, 392 (Tex.App.—Austin 1984, review granted). The phrases in question are not defined by the legislature, do not have a legal meaning different from their plain meaning, and did not prevent appellant from acquiring notice of the offense with which he was charged. Appellant's second point of error is overruled.

In his third point of error, appellant contends the trial court erred in denying the motion to quash because the caption to the enacting legislation amending the open container provision of TEX.REV.CIV.STAT. ANN. art. 6701*l*–1, is constitutionally defective in that it does not inform the ordinary reader of substantive changes in the law. Although the body of said bill does contain the substantive changes in the law, the caption simply states, "[a]n Act relating to the regulation of alcoholic beverages: providing penalties," thereby failing to mention that the penalties are now to be increased if the possession of an open container is proven. Act of June 11, 1985, ch. 462, 1985 Tex.Gen. Laws 1624.

Article III, section 35 of the Texas Constitution, as amended on November 4, 1986, provides that:

> (a) No bill, (except general appropriation bills, which may embrace the various subjects and accounts, for and on account of which moneys are appropriated) shall contain more than one subject.

> (b) The rules of procedure of each house shall require that the subject of each bill be expressed in its title in a manner that gives the legislature and the public reasonable notice of that subject. *The legislature is solely responsible for determining compliance with the rule.*

> (c) *A law, including a law enacted before the effective date of this subsection, may not be held void on the basis of an insufficient title.*

TEX.CONST. art. III, sec. 35 (emphasis added).

██ As a result of this amendment, an act of legislature cannot be declared unconstitutional due to the insufficiency of its caption. *Dickens v. Ct. of App., 2nd Sup. Jud.Dist.*, 727 S.W.2d 542, 546 (Tex.Crim. App.1987); *Baggett v. State*, 722 S.W.2d 700, 702 (Tex.Crim.App.1987). Appellant's third point of error is overruled.

Appellant's final point of error complains that:

> The trial court erred in overruling Appellant's Motion to Quash because the term 'immediate possession' is vague and indefinite and the statute mandating a period of confinement for an open container of alcoholic beverage is thus unconstitutional.

██ A statute can be held void if it uses language that is so vague that persons of ordinary intelligence must necessarily guess at its meaning and differ as to its application. *Cotton v. State*, 686 S.W.2d 140, 141 (Tex.Crim.App.1985) (en banc). Since the term "immediate possession" described the prohibitive conduct with reasonable certainty, such that any person of ordinary intelligence would have been fairly apprised of the type of conduct prescribed by the statute, TEX.REV.CIV. STAT.ANN. art. 6701*l*–1 is not void.

██ As we understand appellant's second claim in his final point of error, he is complaining that it was not the intent of the legislature to subject persons convicted of a D.W.I., who are in possession of an open container, to a mandatory 30 days confinement under TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 6b(b)(1) (Vernon Supp.1987), if probation is granted. Appellant asserts that it could not have been the intent of the legislature when enacting TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 and TEX.CODE CRIM.PROC. ANN. art. 42.12, that a minimum term of confinement for D.W.I. with open container is six days and the maximum is two years

for the first time offender, but the offender must serve 30 days of detention in jail as a *condition* of probation. Appellant claims that it was the intent of the legislature that the mandatory 30 days only applies to persons who caused serious bodily injury by driving while intoxicated and are granted probation.

Appellant was convicted under TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(f), for D.W.I. with an open container. TEX. CODE CRIM.PROC.ANN. art. 42.12, sec. 6b(b)(1) requires as a condition of probation that a defendant submit to "30 days of detention in a jail if the defendant was convicted under Subsection (f) of Article 6701*l*–1." The legislature clearly and unambiguously drafted both article 42.12 and article 6701*l*–1. As such, we are without authority to change the specific terms of the statute and must confine our interpretation to a reasonable construction of the language used in the statute as written. *State ex rel. Vance v. Hatten*, 600 S.W.2d 828, 830 (Tex.Crim.App.1980) (en banc). Appellant's fourth point of error is overruled.

Judgment affirmed.