The STATE of Texas, Appellant,

v.

Billy Joe ROGERS, Appellee.

No. 05–89–00088–CR.

Court of Appeals of Texas,
Dallas.

Dec. 8, 1989.

Toby C. Wilkinson, Hunt County Atty., Greenville, for appellant.

Peter S. Chamberlain, Commerce, for appellee.

Before HOWELL, BAKER and BURNETT, JJ.

## OPINION

BAKER, Justice.

Appellee pleaded guilty to DWI and true to an open container enhancement. The trial court sentenced him to sixty days' confinement, but suspended the sentence on condition of twenty-four months' probation and six days' actual confinement. The State appeals, contending that the sentence is illegal. The State argues that under the applicable probation statutes the minimum period of confinement for a probated sentence for DWI with an open container enhancement is thirty days' confinement. We disagree and affirm the trial court's judgment.

Appellee was convicted under TEXAS REVISED CIVIL STATUTES ANNOTATED art. 6701*l*–1(c) (Vernon Supp.1989) [1], the first offender subsection of the DWI statute. Under this subsection, the range of punishment is from three days to two years. Appellee's conviction was enhanced by subsection (f) which provides that if an open container of an alcoholic beverage is found in the offender's immediate possession, the minimum confinement time is increased by three days for persons convicted under subsection (c). See art. 6701*l*–1(f)(1). This section also provides for an additional six days confinement for second time offenders and an additional twelve days for two or more previous convictions. Subsection (f) additionally provides for an enhancement of sixty days if a person suffered serious bodily injury as a result of a DWI offense. Art. 6701*l*–1(f). Appellee pleaded guilty to the DWI charge and true to the open container enhancement, and his punishment was assessed at six days' confinement, the minimum under subsection (c) and the open container enhancement subsection (f). The State contends that this sentence is illegal. TEX.CODE CRIM.PROC. ANN. art. 44.01(b) (Vernon Supp.1989) [2].

Article 42.12, § 6b(b) of the code applies to probation of DWI offenders. This section does not have an applicable provision governing probation of first time offenders. However, it does provide for probation of prior offenders and persons whose convictions were enhanced by subsection (f) of the DWI statute. For persons with one

---

**1.** All references to the article 6701*l*-1 are to the TEXAS REVISED CIVIL STATUTES ANNOTATED art. 6701*l*-1 (Vernon Supp.1989).

**2.** All references to the code are to the Texas Code of Criminal Procedure, unless otherwise indicated.

prior offense, the probation statute sets the minimum confinement time at three days. The minimum under the DWI statute is fifteen days. Art. 6701*l*–1(d). For two or more DWI convictions, minimum probation confinement time is ten days. The minimum under the DWI statute is thirty days. Art. 6701*l*–1(e). For convictions under subsection (f), the enhancement provision of the DWI statute, the probation statute provides that the minimum confinement time is thirty days.

The State concedes this is an anomalous situation. The minimum confinement time for a conviction under the DWI subsection (c) and an open container enhancement under subsection (f) is six days, but the minimum under the probation statute is thirty days. Confinement for conviction is substantially less than for probation. The State argues that the statute regarding probation is unambiguous and that this court must apply the plain meaning of the statute under the presumption that that is what the legislature intended. *See Scharbrough v. State*, 732 S.W.2d 445, 449 (Tex. App.—Fort Worth 1987, pet. ref'd). We must interpret the statute as though a just and reasonable result was intended and so as not to lead to a foolish or absurd result. *See Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Crim.App.1980); *McKinney v. Blankenship*, 154 Tex. 632, 282 S.W.2d 691, 698 (1955); *City of West Tawakoni v. Williams*, 742 S.W.2d 489, 491 (Tex.App.— Dallas 1987, writ denied); TEX.GOV'T.CODE ANN. § 311.021(3) (Vernon 1988).

When viewed together, the DWI and probation statutes reveal a common scheme to reduce the confinement connected with probation to a period less than that connected with a conviction without probation. For example, when probated, a one time offender's confinement time is lowered from a minimum of fifteen days to three days. Art. 6701*l*–1(d); art. 42.12, § 6b(b). A two or more time offender is lowered from a minimum of thirty days to ten days. Art. 6701*l*–1(e); art. 42.12(b), § 6b(b). Subsection (f) contains the enhancement provisions. The first part of subsection (f) concerns enhancement when a person is seriously injured by a DWI offender. It increases the minimum time for confinement by sixty days. The second part of the subsection deals with the open container enhancement. It increases the minimum term of imprisonment by three days for first time offenders, six days for second time offenders, and twelve days for three or more time offenders. The probation statute sets the minimum confinement term for offenders under the enhancement subsection (f) at thirty days. Art. 42.12, § 6b(b).

As originally enacted, subsection (f) only contained the serious bodily injury enhancement. At that time, the enhancement could be reduced by the probation statute from sixty days to thirty days. In 1985, the legislature added the open container provision to subsection (f). This enhancement provision was not assigned a separate paragraph, letter, or number. In our view, the legislature added this section without regard to the probation statute. We conclude that it was the legislature's intent to reduce the confinement time for persons placed on probation. This interpretation is consistent with the other DWI offenses and the original enhancement provision before it was amended to include the open container enhancement. We further conclude that the legislature added the open container enhancement to the other enhancement provision for convenience, without regard to its interaction with the probation statutes. In our view, the legislature did not intend that a person would have to be confined for a longer period for probation than for the minimum sentence for an outright conviction. The trial court recognized this and did not apply the State's interpretation. We hold that confinement for six days, the minimum sentence for which appellee could have received for conviction, was not error. We overrule the State's point of error and affirm the trial court's judgment.