Charles Edward GRAYSON,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–89–00323–CR, 05–89–00324–CR.

Court of Appeals of Texas,
Dallas.

March 6, 1990.

Fred Tinsley, Dallas, for appellant.

Sharon Batjer, Dallas, for appellee.

Before WHITHAM, ROWE, and
BAKER, JJ.

OPINION

BAKER, Justice.

A jury convicted Charles Edward Grayson, Jr. of two separate offenses of aggravated sexual assault. He was sentenced to life imprisonment and a $10,000 fine in each case. He contends that the trial court: (1) abused its discretion by permitting the two children, the complaining witnesses in each case, to testify without an examination by the court to determine if each child was a competent witness; and (2) erred by denying his motion for mistrial because of the admission of irrelevant, inadmissible, and prejudicial testimony. Because these contentions are without merit, we affirm the trial court's judgments.

Appellant was indicted for two separate offenses of aggravated sexual assault of a child under the age of fourteen years. The complaining witnesses were appellant's natural children, aged ten and seven. Both of the children testified to the details of the offenses which led to appellant's convictions.

■ In his first two points of error, appellant contends the trial court abused its discretion because it permitted both of the children to testify without having conducted an examination of each of them to determine whether they possessed sufficient intellect to relate transactions with respect to which they would be interrogated. Appellant argues that rule 601(a)(2) of the Texas Rules of Criminal Evidence requires the trial court to conduct an examination of the child who will be a witness to determine his competency. Appellant argues that this failure to examine the children before they testified was an abuse of discretion and reversible error. We disagree.

Rule 601 of the Texas Rules of Criminal Evidence provides in pertinent part:

Every person is competent to be a witness except as otherwise provided in these rules. The following witnesses shall be incompetent to testify in any proceeding subject to these rules:

(2) Children. Children or other persons who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated.

TEX.R.CRIM.EVID. 601(a)(2). Effective September 1, 1986, this rule of evidence replaced article 38.06 of the Texas Rules of Criminal Procedure and contains essentially the same language. The former statute was held not to require the trial court to conduct a preliminary examination to determine the competency of a child witness. See Morgan v. State, 403 S.W.2d 150, 152 (Tex.Crim.App.1966). We hold that the provisions of Texas Rule Criminal Evidence 601(a)(2) do not require such a preliminary examination.

■ We also note the record shows that appellant failed to request the trial court to conduct such an examination for either child and raised no objection to the competency of either child to testify. Appellant has failed to preserve the error, if any. See Cisneros v. State, 692 S.W.2d 78, 82 (Tex.Crim.App.1985); TEX.R.APP.P. 52(a). We overrule appellant's points of error one and two.

■ In his third point of error, appellant contends that the trial court erred by denying his motion for mistrial as a result of the admission of irrelevant and prejudicial evidence that appellant previously had been in jail. The record reflects that while appellant's counsel was cross-examining Heather Sisler, a former employee of the Texas Department of Human Resources, the following occurred:

Q. Yes, is it possible that she was referring to the fact that the children were with her until the 20th?

A. She stated—I'm looking through a copy of my notes.

Q. Okay.

A. According to my notes, Joyce stated that she did not know—excuse me, she stated that Charles got out of jail about 5–25–88, she stated that ...

TRIAL COUNSEL: Your Honor, may we approach the bench?

THE COURT: Yes ma'am (out of the presence of the jury) go ahead.

TRIAL COUNSEL: First of all, I'd like to object to the nonresponsiveness of this witness to my question. Secondly, the response violates a motion in limine with respect to prior convictions. And thirdly, I put this matter up specifically before the court because this had happened and I feel that the fact that it has happened has jeopardized my client to have a fair trial. And I move for a mistrial at this time.

THE COURT: The court will overrule the motion for a mistrial.

TRIAL COUNSEL: May we have an instruction to disregard?

THE COURT: Yes ma'am (back in presence of jury).

THE COURT: The court will sustain the objection to the answer as being nonresponsive.

TRIAL COUNSEL: Request for jury to disregard.

THE COURT: I'll instruct the jury. Ladies and gentlemen, you'll disregard the last answer as being nonresponsive and not consider that answer for any purpose whatsoever in this case.

Appellant argues that the testimony was irrelevant, that it was evidence of an extraneous offense, and that it was more prejudicial than probative. It is true that proof of extraneous offenses or transactions committed by a defendant are generally irrelevant to the contested material issues in the case on trial and are generally considered unjustifiably prejudicial. *See Wysner v. State*, 763 S.W.2d 790, 792 (Tex. App.—Dallas 1987, pet. ref'd). However, the circumstances that dictated a reversal in *Wysner* are not present in this case. Here, appellant's trial counsel was cross-examining Ms. Sisler, and the evidence complained of came in as a result of the witness's unresponsive answer to counsel's question. The general rule is that an instruction to disregard will cure any unresponsive answer. *Ridyolph v. State*, 545 S.W.2d 784, 787 (Tex.Crim.App.1977). Furthermore, there was no further mention of the subject, and the State made no attempt to pursue it. *See Curlin v. State*, 505 S.W.2d 889, 890 (Tex.Crim.App.1974). We hold the error, if any, was cured by the trial court's prompt instruction to the jury to disregard the evidence for all purposes. *See Richardson v. State*, 624 S.W.2d 912, 914 (Tex.Crim.App.1981). We overrule appellant's third point of error.

We affirm the trial court's judgments.