Gary Robert GRIFFIN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–91–00938–CR, 01–91–00939–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

March 25, 1993.

Rehearing Denied April 15, 1993.

Discretionary Review Refused
June 23, 1993.

Sharon L. Michaels, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Mary Lou Keel, Richard Magness, Asst. Dist. Attys., Houston, for appellee.

Before SAM BASS, PRICE * and DUNN, JJ.

## OPINION

DUNN, Justice.

Appellant was charged by information with driving while intoxicated and failure to identify himself to a police officer. A jury found him guilty of driving while intoxicated, and the court found him guilty of failure to identify himself to a police officer. We affirm both convictions.

In point of error one, appellant contends that the trial court erred in requiring him to serve 30 days in jail as a condition of his probation. Appellant argues that the judge erred because he misconstrued TEX. CODE CRIM.P.ANN. art. 42.12 (Vernon Supp. 1993), believing that it required him to sentence appellant to 30 days in jail as a condition of appellant's probation.[1]

---

* The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

1. At sentencing, the trial court told appellant: "Also under the conditions—under the terms of article 6701*l*-5, I am required to sentence you to 30 days in jail. And that will be as a condition of probation, you will have to serve out 30 days in jail."

Article 42.12 states in relevant part that, where a defendant receives probation for driving while intoxicated in a case where there has been an open container finding, the trial court "shall require as a condition of probation that the defendant submit to ... 30 days of detention in a jail[.]" *Id.* at section 13(a)(1). Both appellant and the State acknowledge that there is a difference of opinion in Texas courts of appeals regarding whether article 42.12 should be read literally. *Compare State v. Rogers,* 782 S.W.2d 303, 304 (Tex.App.—Dallas 1989, no pet.), *with Scharbrough v. State,* 732 S.W.2d 445, 448–49 (Tex.App.—Fort Worth 1987, pet. ref'd). This Court will now consider the issue for the first time.[2]

Article 6701*l*–1 of the Texas Revised Civil Statutes Annotated provides a range of punishment for a first DWI offense of "(1) a fine of not less than $100 or more than $2,000; and (2) confinement in jail for a term of not less than 72 hours or more than two years." Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(c) (Vernon Supp.1993). If the first offender was operating the vehicle with "an open container of an alcoholic beverage in his immediate possession," the minimum incarceration is increased by three days, and the minimum and maximum fines are increased by 100 dollars. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1(f)(1) (Vernon Supp.1993).

Thus, a first offense with an open container finding has a range of punishment of six days to two years in jail and a fine of between 200 and 2,100 dollars. However, as noted above, if a DWI defendant receives probation, and there has been an open container finding, the trial court "shall require as a condition of probation that the defendant submit to ... 30 days of detention in a jail[.]" Tex.Code Crim. P.Ann. art. 42.12, § 13(a)(1) (Vernon Supp. 1993).

In *Rogers,* the Dallas Court of Appeals wrote as follows:

> In our view, the legislature did not intend that a person would have to be confined for a longer period for probation than for the minimum sentence for an outright conviction ... We hold that confinement for six days, the minimum sentence for which [the defendant] could have received for conviction, was not error.

782 S.W.2d at 304. Thus, the Dallas Court held that a trial court could impose the minimum jail time as a condition of probation when there was an open container finding.

In *Scharbrough,* the Fort Worth Court of Appeals reached the opposite conclusion:

> The legislature clearly and unambiguously drafted both article 42.12 and article 6701*l*–1. As such, we are without authority to change the specific terms of the statute and must confine our interpretation to a reasonable construction of the language used in the statute as written.

732 S.W.2d at 449.

We agree with the *Scharbrough* court and respectfully disagree with the *Rogers* court. We find that the *Scharbrough* court's holding comports with fundamental rules of statutory construction.

In *State v. Muller,* 829 S.W.2d 805 (Tex. Crim.App.1992), the Court of Criminal Appeals set out the following precepts:

> When the literal text of a statute is clear, an appellate court must give effect to the statute's plain language ... It is only when the literal text of the statute is either unclear or would lead to results so absurd that the Legislature could not *possibly* have intended them, that the courts should then resort to legislative history or other extraneous means to as-

**2.** Regardless of whether article 42.12 *requires* a minimum of 30 days confinement in cases such as this one, it clearly *allows* it. Section 12 of that article provides in relevant part that:

> When the court having jurisdiction of a misdemeanor case grants probation to the defendant, the court may require as a condition of probation that the defendant submit to a period of detention in a county jail or community corrections facility to serve a term of imprisonment not to exceed 30 days and serve up to 100 hours of community service.

Tex.Code Crim.P.Ann. art. 42.12, § 12 (Vernon Supp.1993).

sist them in their interpretation of a statute.

*Id.* at 808 (citations omitted) (emphasis in original).

The relevant statutes in this case are clear. A trial court must impose 30 days in jail as a condition of probation if there is an open container finding. It is certainly not impossible that the legislature could have intended this result. For one thing, even with the jail condition, probation is *still* favorable to a defendant, because with probation, the jury may recommend that the defendant's driver's license not be suspended. Tex.Code Crim.P.Ann. art. 42.12, § 13(g) (Vernon Supp.1993). Indeed, that very scenario occurred here.

We hold that the trial court was required to impose 30 days of jail time on appellant as a condition of appellant's probation.

We overrule point of error one.

In point of error two, appellant argues that reversible error occurred when a State's witness "allu[ded] to extraneous offenses of the appellant." The State responds that appellant failed to preserve any error. For the reasons discussed below, we agree with the State.

The testimony of which appellant complains is as follows:

The prosecutor: Officer Inocencio, why do you need the defendant's name or a suspect's name?

The witness: When we arrest someone, we like to know who he is. At first, when we deal with somebody, see if he is wanted for warrants and if he's been handled, and he did have warrants.

The prosecutor: Why do you need a suspect's date of birth?

The witness: We need a correct date of birth to find out who the suspect under the warrant is, and the correct date of birth—

Defense counsel: I object to anything as to warrants.

The court: Sustained.[3]

As may be seen above, appellant's counsel's objection to the witness "allu[ding] to extraneous offenses" did not come until after the witness has already made his "allusion." The witness referred to appellant having outstanding warrants, i.e., to appellant having possibly committed extraneous offenses, when he said, in answer to the prosecutor's question, "At first, when we deal with somebody, see if he is wanted for warrants and if he's been handled, and he did have warrants." The prosecutor then asked a new question, and the witness responded, "We need a correct date of birth to find out who the suspect under the warrant is, and the correct date of birth—"

It was *then* that counsel objected "to anything as to warrants." However, by this time, evidence of appellant having outstanding warrants, i.e., evidence of appellant having possibly committed extraneous offenses, had already come in, in the witness' previous answer. Thus, counsel's objection was too late. "[I]t is well settled that an error in the admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered." *Hudson v. State,* 675 S.W.2d 507, 511 (Tex.Crim.App. 1984); *see also Brasfield v. State,* 600 S.W.2d 288, 296 (Tex.Crim.App.1980).

Evidence "as to warrants" had already come in elsewhere—in the witness' previous answer—without objection. Nothing is preserved for review on this point of error. *See Hudson,* 675 S.W.2d at 511.

Furthermore, the record reflects that appellant's counsel asked the trial court to instruct the jury to disregard *both* of the witness' answers regarding warrants,[4] and that the court then instructed the jury as follows:

Jurors, I want you to disregard the last two answers given by this witness. Do not consider it for any purpose now or later during your deliberations.

---

3. Defense counsel later moved for a mistrial, and the court denied the motion.

4. Counsel requested, "Your honor, I move to ask the court to instruct the jury to disregard the . . . [l]ast two questions and responses."

*Grayson v. State,* 786 S.W.2d 504 (Tex. App.—Dallas 1990, no pet.), is a similar case. There, in answering a question, a witness referred to the defendant having committed extraneous offenses by stating that someone had said that the defendant "got out of jail about 5–25–88[.]" *Id.* at 505. The defendant's attorney objected to the answer and moved for a mistrial. *Id.* The trial court denied the motion for a mistrial, and the defendant's attorney then asked for an instruction to disregard. *Id.* The trial court, in the presence of the jury, sustained the objection and instructed the jury to disregard the witness' answer and to "not consider that answer for any purpose whatsoever in this case." *Id.*

The Dallas Court wrote as follows:

Appellant argues that the testimony was ... evidence of an extraneous offense[.] It is true that proof of extraneous offenses or transactions committed by a defendant are generally irrelevant to the contested material issues in the case on trial and are generally considered unjustifiably prejudicial ... [T]he evidence complained of came in as a result of the witness' unresponsive answer to counsel's question. The general rule is that an instruction to disregard will cure any unresponsive answer. Furthermore, there was no further mention of the subject, and the State made no attempt to pursue it. We hold the error, if any, was cured by the trial court's prompt instruc-

tion to the jury to disregard the evidence for all purposes.

*Id.* at 506 (citations omitted).

We hold likewise here. There was no further mention of warrants or of extraneous offenses here, and the prosecutor made no attempt to pursue either subject. In this case, the trial court's instruction to disregard was sufficient to cure any error.

We overrule point of error two.

■ In point of error three, appellant contends that the trial court erred in failing to charge the jury at the punishment phase of trial that the State had to prove the allegations of the open container paragraph beyond a reasonable doubt.[5] However, the record demonstrates that appellant did not object to the court's charge on this ground at trial. Thus, appellant is entitled to a reversal on this point only if the alleged error caused him such egregious harm that he was denied a fair trial. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g).[6]

We note that during the punishment phase, appellant's counsel argued that, "[I] would submit again to you that the State has failed to prove *beyond a reasonable doubt* that [appellant] had in his immediate possession an open container of an alcoholic beverage."

We must evaluate the degree of harm here in light of (a) the entire jury charge, (b) the state of the evidence, including the contested issues and weight of the proba-

---

5. In relevant part, the court's charge instructed the jury as follows:

In the second paragraph of the information it is alleged that at the time of the commission of the offense of driving while intoxicated, the defendant had an open container of an alcoholic beverage in his immediate possession while operating the motor vehicle. To this allegation the defendant has pleaded "not true." If you find the allegation to be "not true," you are instructed that our statutes provide that the punishment for driving while intoxicated is not less than 72 hours nor more than 2 years in jail and a fine of not less than $100 nor more than $2,000.

If you find the allegation in the second paragraph of the information to be "true," you are instructed that our statutes say the punishment for driving while intoxicated is by confinement in jail for not less than 6 days in jail

nor more than 2 years and a fine of not less than $200.00 nor more than $2,100.00.

6. We are cognizant of the fact that the Court of Criminal Appeals, in *Geesa v. State,* 820 S.W.2d 154, 162 (Tex.Crim.App.1991), adopted an instruction on reasonable doubt and held "that this instruction shall be submitted to the jury in all criminal cases, even in the absence of an objection or request by the State or the defendant, whether the evidence be circumstantial or direct." The charge complained of here did not affirmatively state that the State's burden of proof was beyond a reasonable doubt, so it did not include an instruction on reasonable doubt, either. *Geesa's* "new rules," however, apply only to that case "and all cases tried hereafter." *Id.* at 165. *Geesa* was decided on November 6, 1991. *Id.* at 154. The instant case was tried on September 17, 1991. Therefore, *Geesa* does not apply here.

tive evidence, (c) the argument of counsel, and (d) any other relevant information in the record. *Id.*

The charge as a whole, but for the omission of the burden of proof of beyond a reasonable doubt, is proper. It does not incorporate an erroneous burden of proof; rather, it does not address the issue of burden of proof at all. However, as noted above, the fact that the State's burden of proof was beyond a reasonable doubt was clearly communicated to the jury in defense counsel's argument. *See Turner v. State,* 721 S.W.2d 909 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd, untimely filed) (defense counsel "supplied the missing phrase" during final argument). Defense counsel's message on this point was not contradicted in the prosecutor's argument.

The presence of an open container in the car was uncontested. The only contested issue on the matter was whether the bottle was within appellant's "immediate possession." As we discuss in our disposition of point of error six, there was probative evidence of sufficient weight to support a finding that, beyond a reasonable doubt, appellant had an open container of an alcoholic beverage within his immediate possession.

No egregious harm occurred here. We overrule point of error three.

■ In point of error four, appellant contends that the prosecutor made improper arguments at both the innocence/guilt and the punishment phases of trial. The first instance of which appellant complains occurred when the prosecutor was arguing to the jury as follows:

The prosecutor: First of all, we heard no testimony whatsoever that this is the way the defendant looked on the day that he was arrested, that these bruises—and note where those bruises are—that this is where the defendant—or how the defendant looked on that day or after that day. Now you know what the picture looks like. Let's remember what the de-

fendant told us on the stand. What the defendant told—

Defense counsel: Your honor, I would object as to what the defendant told us on the stand.

The court: Sustained.

Defense counsel: Your honor, I move that the—

The court: Let me rule. Sustain the objection.

Defense counsel: Your honor, I request the court to instruct the jury to disregard the statement, your honor.

The court: Disregard the statement, the last statement of the prosecutor, for any purpose.

Defense counsel: And for the purpose of the record, we move for a mistrial.

The court: Motion for mistrial is denied.

Defense counsel: And to further clarify my objection, your honor, the comment, it's on the weight of the evidence and on the fact that the defendant failed to testify, your honor.

The court: My ruling is the same. Go ahead, State, and be careful.

The prosecutor: Okay. I apologize . . .

Appellant did not testify during the innocence/guilt phase of trial. He now contends that the prosecutor's statement was a comment on his failure to do so.

■ We note, however, that at the punishment phase of trial, appellant admitted his guilt of driving while intoxicated.[7] As such, he has waived any error that may have occurred during the innocence/guilt phase of trial. *DeGarmo v. State,* 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied,* 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985); *Grogen v. State,* 745 S.W.2d 450, 451 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

■ In any event, an instruction to disregard can cure any error from an argument commenting on the defendant's failure to testify. *See, e.g., Jackson v. State,* 745

7. Appellant testified at the punishment phase of trial that he had been the driver of the car. The following exchange subsequently occurred:

The prosecutor: Mr. Griffin, were you intoxicated on May 3rd, 1991 at approximately 12:30 a.m.?
Appellant: Very mildly.

S.W.2d 4, 15 (Tex.Crim.App.1988). The court gave such an instruction here. We presume the jury followed it. *Sattiewhite v. State*, 786 S.W.2d 271, 278–79 (Tex.Crim. App.1990); *Nichols v. State*, 754 S.W.2d 185, 200 (Tex.Crim.App.1988).

Appellant also complains of the following argument that occurred during the punishment phase:

> The prosecutor: Now, the kind of car we're talking about here is an RX–7. We all know from testimony in the trial and today that an RX–7 is a small sports car. It's a two-seater with no back seat. It has a console in between. We know the console is not this high. Now, I'm probably five inches shorter than the defendant and can reach over.
>
> Defense counsel: I would object as to whether he can reach. It's outside the record.
>
> The court: Sustained.
>
> Defense counsel: Thank you, your honor. At this moment in time, I'd like the court to instruct the jury to disregard the statements outside the record of the prosecution, your honor.
>
> The court: Jurors, disregard the last statement of the prosecutor, whether he could or could not reach. Do not consider it for any purpose.
>
> Defense counsel: And we move for a mistrial.
>
> The court: Motion for mistrial is denied.
>
> Defense counsel: Thank you, your honor.
>
> The prosecutor: I submit to the jury that in this situation the defendant can reach to the floorboard or to the passenger. This means the bottle is within reach of the defendant ...

■ The prosecutor informed the jury that, although he is approximately five inches shorter than appellant, even he could have reached over the console and taken possession of the open container of alcohol in the car. He was informing the jury that appellant could have taken possession of the bottle, and this was a reasonable deduction from the evidence at trial adduced on appellant's size, his reach, the height of the console, and the location of the bottle. We hold that the argument was proper.

Furthermore, again, the court instructed the jury to disregard the argument, and we presume the jury followed the instruction. *Sattiewhite*, 786 S.W.2d at 278–79; *Nichols*, 754 S.W.2d at 200.

We overrule point of error four.

In point of error five, appellant argues that the trial court "improperly commented and communicated to the jury its opinion of the case." Appellant complains of the following exchange:

> Defense counsel: Officer, have you ever told your superiors that this is a common occurrence and that we need a videotape or tape recorder down there?
>
> The prosecutor: Objection, your honor, that's irrelevant.
>
> The court: Sustained.
>
> Defense counsel: Your honor, I believe we're entitled to ask the question as to what he has done to make sure—
>
> The prosecutor: Your honor, I object to the speaking objection.
>
> Defense counsel: The—
>
> The court: Sustained. I have ruled. I sustained the objection.
>
> Defense counsel: At this moment in time, I would object to counsel preventing me from making—
>
> The prosecutor: I object to him speaking.
>
> The court: Counsel, he has—
>
> Defense counsel: I have a right to finish, to make—
>
> The court: You have the right to make your objection. You do not have the right to make a speech and a jury argument when you make your objection.
>
> Defense counsel: Your honor, can you advise counsel not to interrupt my objection?
>
> The court: Well, quite frankly—don't interrupt his objections—however, I must say for the record that when the State's case is being endangered possibly by statements made by counsel, they have every right to interrupt you.

■ To constitute reversible error, a trial court's comment must be calculated to injure the rights of the defendant or it

must appear from the record that the defendant has not had a fair or impartial trial. *Becknell v. State*, 720 S.W.2d 526, 531 (Tex.Crim.App. [Panel Op.] 1986); *Billings v. State*, 725 S.W.2d 757, 763 (Tex. App.—Houston [14th Dist.] 1987, no pet.).

■ It is obvious, and it surely was obvious to the jury here, that the State, when it prosecutes an accused, attempts to make a "case"; it attempts to obtain a conviction. Here, the judge's comment only conveyed to the jury that defense counsel's comments might be skewing the outcome of the case toward the defendant, i.e., toward an acquittal. That the court exhibited concern in front of the jury that an attorney's statements might be slanting the outcome of the trial in one side's favor does not amount to reversible error, if indeed it is error at all. We do not perceive in the court's comments any favoritism toward the State or any opinion that the court thought the State should win, and we do not believe that the jury perceived these things, either.

We overrule point of error five.

In point of error six, appellant contends that the evidence is insufficient to support the jury's finding that he "had an open container of an alcoholic beverage within his immediate possession."

■ In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Villalon v. State*, 791 S.W.2d 130, 132 (Tex.Crim.App. 1990). "[T]he test ... requires us, as the reviewing court, to determine whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). We do not sit as a "thirteenth juror." *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). The trier of fact is the exclusive judge of the witnesses' credibility, and we may not supplant its judgment with our own view of the testimony. *Id.*

■ An open container finding is authorized by evidence of "immediate possession" by the driver of the vehicle. TEX.REV. CIV.STAT.ANN. art. 6701*l*-1(f) (Vernon Supp. 1993). The statute does not define "immediate possession," but, at appellant's request, the trial court defined "immediate" as "close at or near at hand" and "possession" as "actual care, custody, control or management." The jury found that appellant "had an open container of an alcoholic beverage in his immediate possession when the offense was committed."

We hold that the evidence is sufficient to support this finding. The evidence showed that appellant stopped at a convenience store so his companion could purchase a bottle of champagne. When appellant was pulled over, the bottle was open, almost empty, and within appellant's reach in the car.

Appellant's companion testified that she drank *only two small cups* of the champagne; yet, the bottle was almost empty. The jury certainly could have concluded from this evidence that, there being no one else in the car besides appellant and his companion, it was appellant who drank the rest of the champagne. As stated, the bottle was open and within his reach. A rational jury could have found that appellant "immediately possessed" the bottle of champagne.

We overrule point of error six.

■ In point of error seven, appellant argues that the evidence is insufficient to support the court's finding that appellant failed to identify himself to the police officer who pulled him over.

One commits the offense of failure to identify "if he reports or gives a false or fictitious name, residence address, or date of birth" to a peace officer who has lawfully arrested or detained him. TEX.PENAL CODE ANN. § 38.02(b) (Vernon 1989). The information alleged that appellant gave "a false and fictitious name and date of birth" to the officer.

Alternate ways of committing an offense may be charged conjunctively in one pleading. *Kitchens v. State*, 823 S.W.2d 256,

259 (Tex.Crim.App.1991). If the evidence is sufficient regarding any of the alternate theories, the verdict is supported by sufficient evidence. *Id.*

Appellant does not contest the sufficiency of the evidence to show that he gave a false date of birth. The evidence shows that appellant gave his date of birth as June 12, 1959, when in fact it is June 12, 1961. Because the evidence is sufficient, and indeed uncontested, to show that appellant gave a false date of birth, we hold that the verdict on this offense is supported by sufficient evidence. *See Kitchens,* 823 S.W.2d at 259.

We overrule point of error seven.

We affirm the judgments of the trial court.