Charles Michael **TRUETT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–92–01289–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 3, 1994.

Adrian W. Smith, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before SEARS and LEE, JJ., and ROBERT E. MORSE, Jr., sitting by designation.

## OPINION

LEE, Justice.

Appellant was charged by information with driving while intoxicated. The information also alleged that at the time of the commission of the offense, appellant had an open container of an alcoholic beverage in his im-

mediate possession. A jury rejected appellant's plea of not guilty and found him guilty as charged. After the trial court found the open container paragraph to be true, punishment was assessed at one year confinement probated for two years and a $700 fine. One of the conditions of probation was that appellant spend 30 days in the Harris County Jail. In a single point of error, appellant contends that the trial court erred in requiring him to serve 30 days in jail as a condition of his probation. We affirm.

Appellant asserts that the trial court misconstrued TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon Supp.1993), believing the statute required him to sentence appellant to 30 days in jail as a condition of probation. Appellant contends that the trial court's interpretation of Article 42.12 leads to an unjust punishment scheme and is contrary to the overall intent of the legislature in drafting the statute. Appellant cites *State v. Rogers*, 782 S.W.2d 303 (Tex.App.—Dallas 1989, no pet.), in support of his position. In *Rogers*, the Dallas Court of Appeals, confronted with the same statute, stated that:

> In our view, the legislature did not intend that a person would have to be confined for a longer period for probation than for the minimum sentence for an outright conviction.... We hold that confinement for six days, the minimum sentence for which [the defendant] could have received for conviction, was not error.

782 S.W.2d at 304. The Dallas Court thus held that a trial court could impose the minimum jail time as a condition of probation when there was an open container finding.

Article 42.12 provides that, where a defendant receives probation for driving while intoxicated (DWI) in a case where there has been an open container finding, the trial court "shall require as a condition of probation that the defendant submit to ... 30 days of detention in a jail[.]" TEX.CODE CRIM. PROC.ANN. art. 42.12 § 13(a)(1). Article 6701*l*-1 of the Texas Revised Civil Statutes Annotated provides a range of punishment for a first DWI offense of "(1) a fine of not less than $100 or more than $2,000; and (2) confinement in jail for a term of not less than 72 hours or more than two years." TEX.REV.

CIV.STAT.ANN. art. 6701*l*-1(c) (Vernon Supp. 1993). If the first-time offender was operating the vehicle with "an open container of an alcoholic beverage in his immediate possession," the minimum incarceration is increased by three days, and the minimum and maximum fines are increased by $100 dollars. TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(f)(1) (Vernon Supp.1993).

Therefore, a first-time offender, with an open container finding, has a range of punishment of six days to two years in jail and a fine of between $200 and $2,100. However, as noted above, if a DWI defendant receives probation, and there has been an open container finding, the trial court "shall require as a condition of probation that the defendant submit to ... 30 days of detention in a jail[.]" TEX.CODE CRIM.PROC.ANN. art. 42.12, § 13(a)(1) (Vernon Supp.1993).

We agree with the reasoning by the Fort Worth Court of Appeals in *Scharbrough v. State*, 732 S.W.2d 445 (Tex.App.—Fort Worth 1987, pet. ref'd) and the First Court of Appeals in *Griffin v. State*, 850 S.W.2d 246 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) and respectfully disagree with the *Rogers* court. In *Scharbrough*, the court of appeals stated that:

> The legislature clearly and unambiguously drafted both article 42.12 and article 6701*l*-1. As such we are without authority to change the specific terms of the statute and must confine our interpretation to a reasonable construction of the language used in the statute as written.

732 S.W.2d at 449.

Agreeing with the Second Court of Appeals, the First Court stated that "such a holding comports with the fundamental rules of statutory construction. *Griffin*, 850 S.W.2d at 248. The First Court further reasoned that it was "not impossible that the legislature intended this very result.... [E]ven with the jail condition, probation is *still* favorable to a defendant, because with probation, the jury may recommend that the defendant's driver's license not be suspended. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 13(g) (Vernon Supp.1993)."

We likewise hold that the language of the relevant statutes is clear and unambiguous and the plain language of the statutes required the trial court in the instant case to impose 30 days of jail time on appellant as a condition of his probation.

The judgment of the trial court is affirmed.