Terry Lynn McDONALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01074–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 30, 1993.

Stavis Gilbreath, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Beverly Malazzo, Houston, for appellee.

Before DUGGAN, DUNN and ANDELL, JJ.

## OPINION

DUNN, Justice.

Appellant, Terry Lynn McDonald, appeals from his conviction for driving while intoxicated (DWI) as proscribed by Tex.Rev.Civ. Stat.Ann. article 6701*l*–1(b) (Vernon Supp. 1993).

The information charged appellant with DWI and included an enhancement paragraph alleging that at the time of the offense appellant had an open container of alcoholic beverage in his immediate possession in the passenger compartment of his vehicle. After a jury trial, appellant was convicted of DWI.

At the punishment phase of the trial, the trial judge found the enhancement allegation true and assessed punishment at one year in the Harris County jail, probated for two years, and a five hundred dollar fine. As a condition of probation, the trial judge sentenced appellant to 30 days in the Harris County jail. Of this 30 days, only five days were actually required to be served in jail—the rest of the 30–day sentence was to be served by completing 200 hours of community service. We affirm.

Shortly after midnight on May 2, 1992, Anthony Glen Kinsel, a police officer for the Metropolitan Transit Authority, was travelling on the North Freeway in Houston. Officer Kinsel observed appellant's vehicle attempt to exit the freeway, without signalling, from the second to the right lane. Appellant almost collided with a vehicle that was travelling in the right lane of the freeway. The vehicle in the right lane had to brake hard to avoid a collision. As a result, Officer Kinsel also had to brake hard. Officer Kinsel turned on his emergency equipment, and appellant pulled over.

Officer Kinsel noticed alcohol on appellant's breath, performed several field sobriety tests, concluded that appellant was intoxicated, and arrested him.

Officer Kinsel testified that when he looked in appellant's vehicle he observed a passenger holding an open bottle of Miller Lite beer, and a second, opened bottle of Miller Lite beer on the floor of the vehicle.

Officer Kinsel determined that appellant's passenger was not intoxicated and, with appellant's consent, released appellant's vehicle to the passenger. Before releasing the vehicle to the passenger, Officer Kinsel poured both bottles of beer out and placed the empty bottles in the back of appellant's truck. Officer Kinsel then transported appellant downtown to the Houston Police Department.

Appellant brings six points of error. In his first point of error, appellant argues that Officer Kinsel seized evidence, the open containers of beer, and purposefully destroyed it by pouring the beer out. Appellant contends that this evidence was exculpatory and could have provided a rebuttal to Officer Kinsel's testimony about the quantity and character of the contents of the open containers. Appellant argues that the government's failure to preserve this evidence violated his right to due process as guaranteed by the United States and Texas Constitutions.

■ The duty to preserve evidence is limited to evidence that possesses an exculpatory value that was apparent before the evidence was destroyed. *California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984). A defendant must show that the police acted in bad faith to establish that the failure to preserve potentially useful evidence constitutes a denial of due process. *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988). A defendant must also show that the lost evidence was favorable and material. *U.S. v. Valenzuela–Bernal,* 458 U.S. 858, 873, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982); *Nastu v. State,* 589 S.W.2d 434, 441 (Tex. Crim.App.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980). A showing that the lost evidence *might have been* favorable does not meet the materiality standard. *Hebert v. State,* 836 S.W.2d 252, 254 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

■ In this case, appellant is unable to show that the evidence is either material or favorable. Officer Kinsel testified that he found two opened Miller Lite bottles in the passenger compartment of appellant's vehicle. Appellant does not dispute this testimony. At trial appellant testified:

Q. (Counsel) All right. Then what happened?

A. (Appellant) He asked me if I had been drinking, and I told him I had three beers. Actually, *the third beer I was referring to was the one that I had open in my vehicle.*

. . . .

Q. (Counsel) And you're not disputing that there were open containers of alcohol in your truck cab; isn't that correct?

A. (Appellant) There was two.

(Emphasis added.)

Having admitted that the bottles in his vehicle contained beer, appellant cannot now argue that the bottles should have been pre-

served as exculpatory evidence. Appellant has failed to meet his burden to affirmatively show that the containers found in his vehicle would have been favorable and material evidence.

Appellant's first point of error is overruled.

In his second point of error, appellant contends the offense of consuming an alcoholic beverage while driving is a lesser included offense of DWI, and that the trial court erred by not instructing the jury that appellant could be found guilty of the lesser offense.

■ A two-pronged test must be satisfied before a defendant is entitled to a charge on a lesser included offense: 1) the lesser included offense must be included within the proof necessary to establish the offense charged; and 2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Tompkins v. State*, 774 S.W.2d 195, 210 (Tex.Crim.App. 1987), *aff'd*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

Article 37.09 of the Texas Code of Criminal Procedure reads as follows:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09 (Vernon 1981).

The first question the trial court must decide, before it submits a charge on a lesser included offense, is: Does the lesser offense meet one of the four statutory requirements of article 37.09 for the lesser included offense? *Johnson v. State*, 773 S.W.2d 721,

724 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). If it does not, the court never reaches the second prong of the test and the lesser offense should not be submitted to the jury. *Id.*

■ Applying these principles to the present case requires an analysis of each offense. The elements of consumption of alcoholic beverage while driving are: 1) a person; 2) consumes; 3) an alcoholic beverage; 4) while operating a motor vehicle; 5) in a public place; 6) and is observed doing so by a police officer. TEX.REV.CIV.STAT.ANN. art. 6701d, § 107E(b) (Vernon Supp.1993).

The elements of DWI are: 1) a person; 2) is intoxicated; 3) while driving or operating a motor vehicle; 4) in a public place. TEX.REV. CIV.STAT.ANN. article 6701*l*–1(b) (Vernon Supp.1993).

Consumption of alcohol while driving cannot be established by proof of the same or less than all of the facts required to establish the offense of DWI. To prove the offense of consumption of alcohol while driving, the State must show the additional elements of consumption of an alcoholic beverage and observation by a police officer. Under the requirements of article 37.09, consumption of alcoholic beverages is not a lesser included offense of DWI.

However, appellant apparently contends that when the elements of the open container enhancement paragraph are added to the elements of DWI, consumption of alcoholic beverages while driving becomes a lesser included offense. This argument also fails. The enhancement paragraph is simply that, a paragraph, and is not considered a separate count. *Scharbrough v. State*, 732 S.W.2d 445 (Tex.App.—Fort Worth 1987, pet. ref'd). The elements of the primary offense of driving while intoxicated remain the same; only the range of punishment changes. *Id.* The fact that the information charging appellant contained an enhancement paragraph does not alter the fact that he was charged with DWI, and DWI only. As stated earlier, consumption of alcohol while driving is not a lesser included offense of DWI.

Appellant's second point of error is overruled.

In his third point of error, appellant contends that the issue of whether he had an open container in his immediate possession at the time the DWI offense was committed should have been submitted to the jury during the guilt/innocence phase of the trial. In *Wilson v. State*, 772 S.W.2d 118, 123 (Tex. Crim.App.1989), the court held that DWI was not a lesser included offense of DWI resulting in serious bodily injury to another. In doing so, the court concluded that the allegation of serious bodily injury as set forth in article 6701*l*–1(f) is an enhancement provision, proof of which is to be reserved for the punishment phase of the trial. *Id.* at 120. Article 6701*l*–1(f) also contains the provision regarding open containers that is applicable to the present case. Under *Wilson,* proof of the allegation that appellant had an open container in his immediate possession at the time of the offense is properly reserved for the punishment phase of the trial. Thus, the trial court did not err by refusing to submit the open container issue to the jury at the guilt/innocence phase of the trial.

Appellant's third point of error is overruled.

In his fourth point of error, appellant argues that the trial court erred in finding true on the open container allegation without an affirmative finding from the jury. Appellant contends that the issue of the open container is a question of fact and should have been presented to a jury. However, there is no constitutional right to have a jury assess punishment. *Allen v. State,* 552 S.W.2d 843, 847 (Tex.Crim.App.1977). Appellant could have elected to have the jury assess punishment in the event he was found guilty. Tex.Code Crim.P.Ann. art. 37.07, § 2(b) (Vernon Supp.1993). However, he chose not to do so. Therefore, it was within the province of the trial judge, as the trier of the fact at the punishment phase of the trial, to determine the truth of the allegations contained in the enhancement paragraph. *See Tinney v. State,* 578 S.W.2d 137, 138–39 (Tex.Crim.App.1979).

Appellant's fourth point of error is overruled.

In his fifth point of error, appellant contends that he was denied his right to due process and right to a trial by jury on each element of the offense charged. Appellant appears to be complaining that the issues raised in the enhancement paragraph should have been submitted to the jury at the guilt/innocence phase of the trial. However, as previously stated in our response to appellant's third point of error, appellant was charged with the offense of DWI. The open container allegation is not an element of the offense for which appellant was charged and convicted. It is merely an enhancement paragraph and nothing more. The jury was submitted all issues necessary to find appellant guilty of the offense of DWI. There was no need to submit the open container allegation to the jury.

Appellant's fifth point of error is overruled.

In his sixth point of error, appellant contends that Tex.Code Crim.P.Ann. art. 42.12, § 13(a)(1) (Vernon Supp.1993) ("the adult probation statute"), when considered in conjunction with article 6701*l*–1(f) ("the DWI statute"), violates the equal protection requirements of the fourteenth amendment of the United States Constitution. More specifically, appellant complains that section 13 of the adult probation statute requires the trial court to impose a minimum jail term of 30 days as a condition of probation if a defendant is convicted of driving while intoxicated with an open container enhancement. On the other hand, the minimum jail term of a defendant convicted and sentenced under the DWI statute with an open container enhancement, who does not apply for probation, is only six days. Appellant contends that this punishment scheme creates an impermissible classification, and that such disparate treatment is arbitrary, capricious, and has no rational basis for promoting any legitimate state interest.

This Court recently concluded that the literal language of section 13 of the adult probation statute requires the trial court to impose 30 days in jail as a condition of probation if there is DWI conviction with an open container finding. *Griffin v. State,* 850 S.W.2d 246, 249 (Tex.App.—Houston [1st Dist] 1993, pet. ref'd). However, no court has decided the constitutionality of section 13

of the adult probation statute, when considered in connection with the punishment provisions of the DWI statute. Therefore, we will address the issue by applying traditional principles of equal protection.

The equal protection clause allows the legislature considerable leeway to enact legislation that may appear to affect similarly situated people differently. *Clements v. Fashing,* 457 U.S. 957, 962–63, 102 S.Ct. 2836, 2843–44, 73 L.Ed.2d 508 (1982); *Clark v. State,* 665 S.W.2d 476, 480–81 (Tex.Crim. App.1984). Unless the classification interferes with the exercise of a "fundamental" right[1] or places a burden on a "suspect" class,[2] the classification will not be set aside on equal protection grounds if it is rationally related to a legitimate state interest. *Id.*

Appellant does not contend that the statutes in question place a burden on a suspect class or that his right to apply for probation is a fundamental right. Therefore, the issue this Court must decide is whether the punishment scheme appellant challenges is rationally related to the accomplishment of a legitimate state interest.

The state has a legitimate interest in the safety of its citizens, and the mandatory 30–day confinement, as a condition of probation for those convicted of DWI with an open container enhancement, is rationally related to promoting that interest.

The fact that a defendant who applies for probation *may* be incarcerated longer than a defendant with an outright conviction does not make the legislature's purpose irrational. Generally rational distinctions do not become irrational because they fail to account for highly improbable possibilities. *Smith v. State,* 737 S.W.2d 933, 939 (Tex. App.—Dallas 1987, pet. ref'd).

Furthermore, a defendant who receives probation is allowed benefits which are not afforded to defendants with an outright conviction. For example, if a defendant is convicted of DWI with an enhancement for an open container, and he receives probation, he may be allowed to keep his driver's license. TEX.CODE CRIM.P.ANN. art. 42.12, § 13(g) (Vernon Supp.1993). Such a benefit is not afforded to a defendant who is convicted of DWI and does not receive probation. TEX. REV.CIV.STAT.ANN. art. 6687b, § 24(d)(1) (Vernon Supp.1993). The legislature could rationally have chosen to condition the award of such benefits by requiring a mandatory 30–day period of incarceration.

Secondly, we need not decide whether it would be unconstitutional to incarcerate a probationer for a longer period of time than a defendant with an outright conviction. This is not such a case. As a condition of appellant's probation, he was sentenced to 30 days in jail. However, the trial judge required him to actually serve only five days in jail. The remainder of the 30–day period of incarceration was discharged through 200 hours of community service. Appellant must show that the statutory scheme is unconstitutional as to him, in his situation. *County Court of Ulster County, New York v. Allen,* 442 U.S. 140, 154–55, 99 S.Ct. 2213, 2223–24, 60 L.Ed.2d 777 (1979); *Townsend v. State,* 725 S.W.2d 463 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd). Because appellant was actually required to serve less time in jail than a defendant with an outright conviction, he has no standing to assert that the punishment scheme at issue is unconstitutional.

We also note that the classification was not forced on appellant by the State. He *chose* to apply for probation. It was appellant, not the State, who voluntarily chose to avail himself of the benefits of probation, and thereby placed himself in jeopardy of receiving a sentence of 30 days in jail.

Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.

**1.** Fundamental rights include the right to privacy, the right to vote, rights guaranteed by the First Amendment, the right to procreate, and the right to interstate travel. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312 n. 3, 96 S.Ct. 2562, 2566 n. 3, 49 L.Ed.2d 520 (1976).

**2.** Suspect classifications include those based on race, alienage, and ancestry. *Murgia,* 427 U.S. at 312 n. 3, 96 S.Ct. at 2566 n. 3.