MARY'S OPINION HEADING 








NO. 12-09-00159-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

KATHERYN PARRISH
BOUDREAUX,    §                      APPEAL FROM THE 273RD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SABINE
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

      A
jury found Katheryn Parrish Boudreaux, Appellant, guilty of possession of
cocaine in an amount less than one gram.  The court sentenced Appellant to
confinement in a state jail facility, probated for one year.  Appellant urges
three issues, all related to the State’s destruction of potentially exculpatory
evidence.  We affirm.

 

Background

            On
June 4, 2004, Appellant went to the Sabine County Sheriff’s Department to make
a statement in an unrelated case.  A deputy recognized Appellant as the subject
of an outstanding warrant for theft by check.  The deputy arrested Appellant
and reached in her handbag to retrieve her driver’s license.  There, the deputy
also found an inhalant pipe and a small package of white powder that he
believed was cocaine.  Appellant was arrested for possession of a controlled
substance.

            After
seizing the small bag of white powder and the inhalant pipe, the deputy placed
the items into an evidence bag and placed them in the evidence locker room
under Log #6158.  Texas Department of Public Safety (“DPS”) Laboratory Service
received the items under Agency Case Number 6158.  Karen Ream, the DPS forensic
chemist who tested the items, testified at the trial.  Her report of November
1, 2004 shows that the white powder contained .05 gram of cocaine.

            Chief
Deputy Anthony Miller testified that when he was assigned to the evidence
locker room, it was an “absolute nightmare.”  He embarked on an effort to
restore order.  On August 11, 2006, more than two years after Appellant’s
arrest, Deputy Miller petitioned the 273rd Judicial District Court for
permission to destroy evidence in forty cases, because the cases had been
disposed of.  Deputy Miller testified that he had mistakenly listed the
evidence held under Log #6158 among that to be destroyed.  The trial court signed
the destruction order for the listed evidence including Log #6158. 
Consequently, the evidence was unavailable when the case was tried two and
one-half years later on February 24, 2009.

 

Admission of Evidence

            In
her first two issues, Appellant contends the trial court erred in admitting any
evidence of the alleged drugs or the results of their testing because the
material had been destroyed under the court’s order.  The State’s negligence in
allowing the destruction of the evidence, Appellant claims, denied her the
opportunity to have the material independently tested.  Test results
contradicting the analysis by the DPS chemist would have been extremely
important in her defense.  Therefore, she contends that the admission of the challenged
evidence violated her rights to due process under the U.S. Constitution and due
course of law under the Texas Constitution.

Applicable
Law

            The
Texas Supreme Court has consistently held the due course of law clause in the
Texas Constitution and the due process of law clause of the United States
Constitution to be equivalent.  United States Gov’t v. Marks, 949
S.W.2d 320, 326 (Tex. 1997).  Texas due course of law decisions therefore
mirror U.S. Supreme Court due process decisions.  See id.

            The
state has a duty to preserve and produce exculpatory evidence in its possession
if the  exculpatory value of the evidence was apparent before it was destroyed
and was of a nature that the defendant would have been unable to obtain
comparable evidence by other reasonably available means.  California v.
Trombetta, 467 U.S. 479, 488-89, 104 S. Ct. 2528, 2534, 81 L. Ed. 2d
413 (1984); McDonald v. State, 863 S.W.2d 541, 543 (Tex.
App.–Houston [1st Dist.] 1993, no pet.).  A federal due process violation occurs
whenever the state suppresses or fails to disclose material exculpatory
evidence, regardless of whether the state acted in bad faith.  Illinois
v. Fisher, 540 U.S. 544, 547-48, 124 S. Ct. 1200, 1202, 157 L. Ed. 2d
1060 (2004).  However, to prove a due process of law violation based on the
state’s destruction of potentially useful evidence, as opposed to material,
exculpatory evidence, the defendant must show the state acted in bad faith in
destroying the evidence.  Arizona v. Youngblood, 488 U.S. 51,
57-58, 1009 S. Ct. 333, 337-38, 102 L. Ed. 2d 281 (1988); Jackson v.
State, 50 S.W.3d 579, 589 (Tex. App.–Fort Worth 2001, pet. ref’d). 
Potentially useful evidence is “evidentiary material of which no more can be
said than that it could have been subjected to tests, the results of which
might have exonerated the defendant.”  Youngblood, 488 U.S. at 57,
109 S. Ct. at 337.  “A showing that the lost evidence might have been favorable
does not meet the materiality standard.”  Jackson, 50 S.W.3d at
589.

Discussion

            To
demonstrate the state’s duty to preserve evidence, an appellant must show that
the evidence destroyed was favorable and material to his case.  Herbert
v. State, 836 S.W.2d 252, 254 (Tex. App.–Houston [1st Dist.] 1992, pet.
ref’d).  The only evidence in this record indicates the evidence would have
been unfavorable to the defense.  A showing that a retesting of the material
might have contradicted the DPS chemist’s analysis demonstrates only potential
value and does not meet the materiality standard.  Jackson, 50
S.W.3d at 589.

            Without
a showing that the evidence would have been favorable and material, the
evidence destroyed had only potential value to Appellant’s case.  In order to
establish a denial of due process by the state’s destruction of evidence only
potentially useful, Appellant must show the state acted in bad faith.  Youngblood,
488 U.S. at 57-58, 109 S. Ct. at 337; Jackson, 50 S.W.3d at 589.

            When
the court ordered the evidence destroyed, over two years had elapsed since
Appellant’s arrest and the analysis of the material by the State. Nothing in
the record contradicts the chief deputy’s explanation that its destruction was
unintentional.  Appellant insists the State acted negligently.  Appellant has
made no showing that the State acted in bad faith nor does she claim it acted
in bad faith.  Without such a showing, there is no due process violation. 
Appellant’s first two issues are overruled.

 

Charge Error

            In
her third issue, Appellant contends the trial court erred in not properly
instructing the jury that destroyed evidence must be viewed as favorable to the
defendant and that the failure to submit such a charge violated his
constitutional right to due process.

            Appellant
filed no written objection to the trial court’s failure to include within its
charge the instruction she now insists should have been given.  Nor did she
dictate such an objection to the court reporter in the presence of the court
and the State’s counsel.  No error is preserved.  See Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon 2007).  Appellant’s third issue is overruled.

 

Disposition

            The
judgment is affirmed.

 

                                                                             Bill
Bass

                                                                                                    
Justice

 

 

 

 

Opinion delivered June 23, 2010.

Panel consisted of Worthen, C.J.,
Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by
assignment. 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)